IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,       )
                                )
              Plaintiff,        )
                                )
v.                              )     No. 04-10044-01-WEB
                                )
MARTIN EDWARD COLE,             )
                                )
              Defendant.        )
                                )

**Memorandum and Order**

This matter came before the court on February 13, 2006, for re-sentencing in accordance with a mandate from the Tenth Circuit U.S. Court of Appeals. During the February 13th sentencing hearing, the court ruled orally on the defendant's objections to the Presentence Report and re-sentenced the defendant in accordance with the Circuit's remand. This written memorandum will supplement the court's oral rulings.

I. *Background.*

On May 24, 2004, defendant Martin Edward Cole pled guilty to one count of being a felon in possession of a firearm. On October 5, 2004, he was sentenced by this court to 84 months imprisonment, the low end of the applicable guideline range. Docs. 33, 35. Defendant appealed, and in a mandate entered on December 19, 2005, the Tenth Circuit Court of Appeals remanded the matter for re-sentencing. Doc. 67. It is ruling, the Tenth Circuit first addressed whether the defendant had waived his right to appeal the sentence by virtue of a waiver provision in the plea agreement. The Court found that Mr. Cole had waived any right to appeal the computation of his criminal history, but that he had not waived the right to challenge this court's imposition of a 4-level enhancement under USSG § 2K2.1(b)(5). (That enhancement was

based on this court's finding that Mr. Cole possessed the firearm "in connection with another felony offense" -- namely, an aggravated assault in the parking lot of the "Time Out Club." In light of *United States v. Booker*, 125 S.Ct. 738 (2005) -- which held in part that the sentencing guidelines must be treated as advisory rather than mandatory to avoid any conflict with the Sixth Amendment -- The Tenth Circuit held that the defendant was entitled to be re-sentenced because this court erred by sentencing him under what it considered mandatory guidelines. Accordingly, following remand, the court conducted the re-sentencing of February 13, 2006, by considering the factors set forth in Section 3553(a), including the advisory guideline range.

II. *Section 3553(a)*.

Section 3553(a) of Title 18, U.S. Code, provides in part that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:

The need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the particular sentence to be imposed, the court shall consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) [the purposes of sentencing set forth above];

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the offense under the applicable [now

2

advisory] sentencing guidelines;

(5) any pertinent policy statement-- issued by the Sentencing Commission

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

### III. *Discussion*.

The defendant argues that his sentence should be reduced to 57 months. He describes the incident at the "Time Out" parking lot once again, and says he had the firearm in his possession on that date because several days earlier someone had painted racial slurs on his trailer and he was afraid he might be attacked. He fired the gun in the parking lot, he says, because some of the bar patrons had assaulted him and he wanted to scare them off. He says he did not intend to hurt anyone. Defendant also points out that since he has been in custody he has taken advantage of several programs available in prison, including educational programs and a responsible job (with a promotion), and that he hasn't had any disciplinary reports. Defendant also reasserts his prior objections numbered 2, 3 and 4 to the Presentence Report. *See* Doc. 72. The Government opposes the defendant's request for a reduction and recommends that the court reimpose the original sentence, including a term of 84 months' imprisonment.

A. *Objections to the Presentence Report*. The court previously denied the defendant's objections in a Memorandum and Order dated October 6, 2004. Doc. 35. In view of the remand for re-sentencing, the court will re-address the objections.

*Objection No. 1*.

Defendant's first objection is to the 4-level enhancement under USSG § 2K2.1(b)(5). The court

reiterates it previous finding that imposition of this enhancement is appropriate. As the court noted previously, at the time of his guilty plea the defendant admitted facts which show that he used the firearm in connection with an aggravated assault at the Time Out Club. Moreover, although defendant asserts that he was acting in self-defense, the facts he admitted at the plea hearing, as well as the facts established at the hearing on the motion to suppress evidence and the admissions made by the defendant as set forth in the presentence report, all persuade the court that the enhancement is appropriately applied. Mr. Cole's statements do not overcome the weight of the foregoing facts and admissions or show that he reasonably believed it was necessary *to fire the weapon in the direction of the other persons* at the Time Out Club in order to defend himself against an *imminent* use of unlawful force. Accordingly, his objection to the imposition of the 4-level enhancement under § 2K2.1(b)(5) is denied.

*Objection No. 2*. Defendant's second objection concerns comments in the PSR stating that he "refused" to provide certain information (see paragraphs 63, 64 and 76). Defendant argues such comments should be deleted from the Report. As to this objection, the court finds that no ruling is necessary, because the contested matters will not be taken into account and will not affect the sentence. Accordingly, this second objection is denied as moot.

*Objection No. 3*. Defendant's third objection concerns "Other Arrests" listed in the Report, particularly those in paragraphs 58 and 60. Defendant argues that these matters were dismissed and should not be considered. As the court explained in its initial ruling on this objection, these matters are not taken into account and do not affect the sentencing. After hearing further from the defendant, however, the court will direct that the information in paragraphs 58 and 60 be deleted from the defendant's Presentence Report pursuant to Fed.R.Crim.P. 32(d)(3)(C).

*Objection No. 4*.  Defendant's final objection is to the finding in ¶ 45 of the PSR that he was on probation in an Oregon case at the time of the instant offense. Defendant argues that Oregon had abandoned its supervision and he therefore was not on probation when he committed the instant offense. A person who commits an offense while a probation violation warrant is outstanding is considered to be "under a criminal justice sentence" for purposes of Section 4A1.1, even if that term of probation would have expired absent such warrant. USSG § 4A1.2, comment., n.4. Because there is no dispute that the records described in the PSR show the defendant had a probation violation warrant in Oregon outstanding at the time of the offense, the court finds that ¶ 45 correctly adds two points to the Criminal History score. Accordingly, the objection is denied.

    B.  *Re-Sentencing*.

After considering all of the factors under Section 3553(a), the court concludes that a sentence within the advisory guideline range is appropriate.  The court concludes such a sentence is necessary to reflect the serious nature of the offense -- which involves a convicted felon with a serious criminal history -- including a history of assaultive behavior -- who unlawfully possessed a firearm; that a significant sentence is needed to afford adequate deterrence and to protect the public; and that a sentence at the low end of the advisory guideline range is necessary and appropriate to further the interests of uniformity in sentencing. The court further finds that the other terms and conditions of the sentence imposed initially in this case are appropriate and should be reimposed.

    IV.  *Conclusion*.

Defendant's objections to the Presentence Report are DENIED, with the exception of Objection No. 3, which is SUSTAINED IN PART as set forth above.  The Probation Officer in charge of this case

shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

      IT IS SO ORDERED this __14th__ Day of February, 2006, at Wichita, Ks.

                                    s/Wesley E. Brown
                                    Wesley E. Brown
                                    U.S. Senior District Judge