IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  04-10044-01-WEB |
| ) | |
| MARTIN EDWARD COLE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

The defendant Martin Edward Cole, an inmate currently serving a sentence imposed by this court, has filed two motions: a Motion for Replacement of Counsel (Doc. 89), and a "Motion for Sentencing Pursuant to Current Law 18 U.S.C. § 3581 or FRCivP 60(b)."

I.  *Background.*

On May 25, 2004, defendant Martin Edward Cole pled guilty to a charge of unlawful possession of a firearm by a previously convicted felon. On October 5, 2004, this court sentenced him to a term of imprisonment of 84 months, the low end of the applicable guideline range. Doc. 37. Defendant appealed, and the Tenth Circuit remanded the case for re-sentencing under *United States v. Booker*, 125 S.Ct. 738 (2005), which declared the federal sentencing guidelines to be advisory rather than mandatory. Upon re-sentencing, this court applied *Booker* and again sentenced defendant to a term of imprisonment of 84 months, finding a sentence at the low end of the advisory guideline range was appropriate. Defendant again appealed, but the Tenth Circuit affirmed the judgment and sentence. The Circuit's mandate was issued May 23, 2007. Doc. 87. No petition for writ of certiorari was filed.

On June 8, 2007, defendant filed a motion "for replacement of attorney." Doc. 88.  The motion alleges that defendant's previously appointed attorney, Mr. Henderson, provided ineffective assistance of counsel in connection with defendant's conviction, sentencing, and appeal.  Defendant specifically states that his motion "is NOT intended as a 28 U.S.C. 2255 filing,..." Doc. 88 at 5.  The motion "seeks the retroactive application of *Blakely* and *Booker*" and asks that "Attorney Henderson be immediately replaced, and his replacement obtain the relief requested by the pro-se 'Motion for Sentencing Pursuant to Current Law' Cole has filed." Doc. 88 at 7.  The separately filed motion referred to above – "Motion for Sentencing Pursuant to Current Law 18 U.S.C. § 3581 or FRCivP 60(b)" – contains a variety of arguments but focuses mainly upon application of *United States v. Booker*.  Defendant appears to argue that *Booker* was improperly applied in his case because it violated his right against application of *ex post facto* laws.  *But see United States v. Westcott*, 214 Fed.Appx. 787, **4, 2007 WL 196564  (Application of *Booker* upon remand did not violate ex post facto clause).  He also argues the United States breached the plea agreement by recommending a sentence of 84 months, because the low end of the guideline range without enhancements was 57 months, and because defendant believes *Booker* effectively made the low end of the guideline range zero months in all cases.  He also complains about the performance of Mr. Henderson, and again argues the 2K2.1(b)(5) enhancement should not have been applied in his case.

Defendant filed a third document on June 8, 2007, entitled "Notice by Affidavit of Conflict of Interest." Doc. 90.  This document contains a variety of convoluted allegations, including that defendant's appointed counsel Mr. Henderson had a conflict of interest in representing the defendant.  The document was apparently filed originally in the Tenth Circuit Court of Appeals.

II. *Discussion*.

Insofar as defendant is requesting the appointment of any counsel – replacement or otherwise – to represent him on his current motions, the court concludes the request should be denied. Prisoners do not have a constitutional right to counsel when mounting collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Defendant is not entitled to the assistance of counsel on the instant motions, and the court finds the interests of justice do not require such an appointment. *Cf.* 18 U.S.C. § 3006A(a)(2)(B).

Although the court would otherwise be inclined to re-characterize defendant's filing as a motion pursuant to 28 U.S.C. § 2255, defendant has made clear that he does not wish the motion to be treated as such. Accordingly, the court will consider the motion only under § 3581 and Rule 60(b) as requested by defendant, rather than seek to re-characterize it as a § 2255 motion and follow the procedures in *Castro v. United States*, 540 U.S. 375, 377 (2003) (before re-characterizing filing as a first § 2255 motion, district court must warn litigant of the consequences and provide litigant an opportunity to withdraw or amend it).

So construed, the motion must be denied. Defendant argues that Rule 60(b) of the Federal Rules of Civil Procedure authorizes relief because his attorney "certainly made a 'mistake' in his false claims" about what Cole allegedly admitted. Doc. 88 at 5. But Rule 60 of the Federal Rules of Civil Procedure does not apply to a criminal judgment. *United States v. Ramirez*, 211 Fed.Appx. 712, 2007 WL 4303 (10th Cir. 2007) (Rule 60(b) simply does not provide fore relief from judgment in a criminal case). The "final judgment" referred to in the rule means a final judgment in a civil, not a criminal, proceeding. Defendant cites *Gonzalez v. Crosby*, 545 U.S. 524 (2005) in support of his argument, but that reliance is misplaced. *Gonzalez* merely allows a district court to rule on a

60(b) motion when it alleges a "defect in the integrity of ... federal habeas proceedings" brought under 28 U.S.C. § 2254 or (as is now clear) § 2255. It does not allow a defendant to collaterally attack his underlying conviction and sentence through use of a Rule 60(b) motion. *Barnett v. United States*, 214 Fed.Appx. 931, 2007 WL 148685 (11th Cir. 2007). Accordingly, Rule 60 provides no basis for relief. Nor does Section 3581 of Title 18 provide any basis for relief. That section merely sets forth the authorized terms of imprisonment for various classes of offenses.

IV. *Conclusion*.

Defendant's Motion to Appoint Counsel (Doc. 88) and Motion for Order for Sentencing Pursuant to Current Law (Doc. 89) are DENIED. IT IS SO ORDERED this  29th   Day of October, 2007, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge