IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  04-10044-WEB |
| ) | |
| MARTIN EDWARD COLE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

The defendant Martin Edward Cole pled guilty in this court on May 25, 2004, to a charge of unlawful possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On February 13, 2006, following a remand for resentencing, the defendant was sentenced by this court to 84 months' imprisonment, 2 years of supervised release, and a $100 special assessment.[1]  The sentence was affirmed on direct appeal.  *See United States v. Cole*, 2007 WL 1031894 (10th Cir., Apr. 6, 2007), *cert. denied*, 128 S.Ct. 218 (Oct. 1, 2007).

On October 29, 2007, the court denied a motion by the defendant for relief under Fed.R.Civ.P. 60(b).  The court noted that although Rule 60(b) could be used to challenge a defect in the integrity of a federal habeas proceeding, the defendant had never filed a habeas motion, and Rule 60(b) did not allow a court to grant relief from a judgment in a criminal case.  *See* Doc. 91 at 3-4.

---

[1] *See Amended Judgment*, Doc. 73, filed February 14, 2006.  The Amended Judgment reflects the defendant's resentencing after an appeal to the Tenth Circuit Court of Appeals, which remanded the case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).  *See United States v. Cole*, 158 Fed.Appx. 130, 2005 WL 3367049 (10th Cir. 2005).

The defendant has now filed a motion entitled "Motion to Dismiss for Lack of Jurisdiction Pursuant to Rule 60(b)(4)." The motion argues that the defendant's Fifth Amendment right to due process of law was violated "due to lack of jurisdiction," and it asks the court to "vacate, set aside or expunge this invalid conviction...." Doc. 96 at 6. Liberally construed, the motion argues that defendant's conviction is invalid because the Government failed to establish that his possession of the firearm was "in or affecting commerce," or because 18 U.S.C. § 922(g)(1) exceeds Congress' power under the Commerce Clause.

The court will *sua sponte* deny defendant's motion. As the court stated before, Rule 60(b) of the Rules of Civil Procedure does not allow a court to grant relief from a criminal judgment. Moreover, even if the court were to recharacterize defendant's motion as one for habeas relief under 28 U.S.C. § 2255, the record shows the defendant would be entitled to no such relief.[2] The Supreme Court has ruled that proof that a firearm traveled at some time in interstate commerce is a sufficient nexus to interstate commerce to support a conviction under § 922(g)(1), *Scarborough v. United States*, 431 U.S. 563 (1977), and the Tenth Circuit has rejected challenges to the statute's constitutionality. *See e.g., United States v. Gordon*, 272 Fed.Appx. 674, 2008 WL 893888 (10th Cir. 2008). And the defendant admitted at the time of his plea of guilty that the firearm he possessed had traveled in interstate commerce. *See* Doc. 24 at 1-2; Doc. 23 at 2.

---

[2] The defendant insisted in his previous Rule 60(b) motion that he did not want the court to treat it as one under 28 U.S.C. § 2255. The instant motion is silent on that point, but in view of defendant's prior insistence and his apparent awareness of § 2255, the court will refrain from recharacterizing the instant motion as one under § 2255. As such, the court will not issue the notice contemplated by *Castro v. United States*, 540 U.S. 375 (2003). *Cf. United States v. Sandoval-De Lao*, 283 Fed.Appx. 621 (10th Cir., June 30, 2008).

*Conclusion*.

Defendant's Motion to Vacate Conviction (Doc. 96) is DENIED.  IT IS SO ORDERED this __6th__ Day of November, 2008, at Wichita, Ks.

    s/Wesley E. Brown
    Wesley E. Brown
    U.S. Senior District Judge